O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MACLOVIO ORTEGA,                          )          CASE NO. CV 07-07193  (RZ)
                                          )
                        Plaintiff,        )
                                          )          MEMORANDUM OPINION
            vs.                           )          AND ORDER
                                          )
MICHAEL J. ASTRUE, Commissioner           )
of  Social Security Administration,       )
                                          )
                        Defendant.        )
                                          )

            On October 12, 2005, the Court remanded this matter because the
Administrative Law Judge had not given sufficient reasons for preferring the testimony of
consultative medical examiners over those of the treating practitioner, contrary to well-
established law within the Ninth Circuit. *Ortega v. Barnhart*, CV 04-4152-RZ (C.D. Cal.).
On remand, the Administrative Law Judge did little better.  He parroted the regulations, but
he never gave specific and legitimate reasons for preferring the consultants over the
treating physician's assessment. [AR 390-91] The failure to do so constitutes error, again;
"[d]eviation from the court's remand order in the subsequent administrative proceedings
is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490
U.S. 877, 885-86 (1989) (citations omitted).  Now it must be taken as established that
Plaintiff suffered from a severe mental impairment. *Cf. Varney v. Secretary of HHS*, 859
F.2d 1396, 1401 (9th Cir. 1988).

1   However, the record does not support a finding of disability based on the

2   mental impairment.  The Administrative Law Judge ruled against Plaintiff at Step Two of

3   the sequential evaluation, and never proceeded further.  The Court cannot say, on the basis

4   of the record now, that Plaintiff had such a severe mental impairment that he could not

5   work, and therefore is entitled to receive benefits.  That may be the result ultimately, but

6   it is not clear currently, because the Administrative Law Judge did not comply with this

7   Court's mandate.  Moreover, since impairments must be considered in combination,

8   42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1523, 416.923, the determination that Plaintiff

9   had a severe mental impairment must be considered now together with the prior

10  determinations that Plaintiff had severe physical impairments.  Given the lapse of time

11  since Plaintiff became impaired, it is unfortunate that the matter must undergo further

12  administrative review, but the present record does not allow the Court to draw a conclusion

13  as to disability.

14          The decision of the Commissioner is reversed.  The matter is remanded to the

15  Commissioner for further proceedings, in which the Commissioner shall take as determined

16  that Plaintiff suffers from a severe mental impairment, and proceed, with the Step Two

17  determination having been made, to make the sequential evaluation at the remaining steps

18  to determine if Plaintiff is disabled.

19          IT IS SO ORDERED.

20

21          DATED:  July 25, 2008

22

23          _____

24                      RALPH ZAREFSKY
            UNITED STATES MAGISTRATE JUDGE

25

26

27

28

- 2 -